**BANKERS LIFE AND CASUALTY COMPANY, a corporation, Appellant,**

v.

**ARIZONA PUBLIC SERVICE COMPANY, a corporation, Appellee.**

**No. 19967.**

United States Court of Appeals
Ninth Circuit.

Aug. 15, 1966.

John S. Hobbs, of Jennings, Strouss, Salmon & Trask, Phoenix, Ariz., for appellant.

John E. Madden, Phoenix, Ariz., for appellee.

Before MERRILL, KOELSCH and BROWNING, Circuit Judges.

PER CURIAM.

This is an appeal from a summary judgment entered by the District Court for the District of Arizona for the plaintiff, Arizona Public Service Company (Public Service), in its suit against Bankers Life and Casualty Company (Bankers Life). Jurisdiction was based upon diversity of citizenship. 28 U.S.C. § 1332.

The action was brought to recover on a group life insurance policy for the death of Paul Petris, who was killed when the company aircraft he was piloting crashed. Bankers Life denied liability under an aviation clause in the policy which purported to exclude from coverage all persons except passengers in any aircraft.

From the affidavits submitted by Public Service it appears without dispute that sometime before the fatal accident the policy in question had been renewed; that during the negotiations leading up to the renewal, when Public Service specifically inquired "whether linesmen inspecting power lines while being transported by helicopters could be covered by the policy, and whether the company pilot could be covered by the policy," Bankers Life had replied "the linesmen being transported via helicopter could be covered only at a higher premium rate, but that the company pilot could be included under the policy." It further appeared that the decedent's name and job title, "company aircraft pilot" was among those on the list of employees given to Bankers Life for inclusion under the policy. On these facts the district court held Bankers Life was estopped from asserting the aviation exclusion clause.

■■ The case is governed by Arizona law. However, there is no statute

or decision of the Supreme Court of that state on the question of whether an insurer can be estopped from asserting a clause in a policy which excludes coverage that was specifically requested and extended at the time the policy was negotiated. There is, however, respectable authority supporting estoppel in such a situation. See for example Golden Gate Motor Transport Co. v. Great American Indemnity Co., 6 Cal.2d 439, 58 P.2d 374, 376 (1936). We cannot say the district court was wrong in taking this same view of Arizona law. Guess v. Baltimore & O. R. Co., 191 F.2d 976 (8th Cir.1951).

The judgment is affirmed.